UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re

**IRENA BERGER** aka
**IRINA TSUKERMAN**

Debtor.

Soc. Sec. No. XXX-XX-2304

Chapter 13

Case No. 09-44402-ess

-----------------------------------------------------------

## DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE CH. 13 PLAN WITH "CRAMDOWN" OF BANK OF AMERICA'S SECURED CLAIM

### STATEMENT OF FACTS

The Debtor and her non-filing husband co-own a condominium at 8397 39th Street Circle East, #107, Sarasota, Florida. Debtor's Affidavit, ¶3. It is not the principal residence of the parties, they both reside at 601 Brightwater Court, #5J, Brooklyn, New York 11235. Debtor's Affidavit, ¶4. Bank of America holds a first mortgage on the Florida real estate, however, because it is not the Debtor's principal residence, it is not subject to the 11 U.S.C. §1322(b)(2) prohibition on a Chapter 13 plan's modification of claims "secured only by a security interest in real property that is the debtor's principal residence."

The Florida condominium's current fair market value is $131,000, as of October 1, 2009 (Debtor's Affidavit, Exhibit A) has a mortgage balance of $240,387.28 as of October 22, 2009 (Debtor's Affidavit, Exhibit B) and was $26,303.19 in arrears as of October 7, 2009 (Debtor's Affidavit, Exhibit C). The arrears increase at the rate of $2139.53 (Exhibit C). The Debtor is currently in Chapter 13 bankruptcy and has submitted for confirmation her Second Amended Plan dated November 21, 2009. The Plan requests the Court to void Bank of America's mortgage lien on

1

the non-principal residential Florida real estate to extend that Bank of America is under secured, the current fair market value of the non-principal residential real estate being only $131,000.

## ARGUMENT

### THIS COURT CAN MODIFY BANK OF AMERICA'S RIGHTS AS A HOLDER OF A SECURED CLAIM ON THE NON-PRINCIPAL RESIDENTIAL REAL ESTATE OF DEBTOR'S ESTATE UNDER 11 U.S.C. §§506(a)(1), 1322(b)(2) and 1325(a)(5)(B)

11 U.S.C. §506(a) provides that a creditor is only secured "to the extent of the value of such creditor's interset in the [debtor's] estate's interest" in the property in question. In addition, 1325(a)(5) provides three ways for a debtor's proposed Chapter 13 plan to gain court approval when there is a secured claim; the creditor may accept the plan, the debtor may surrender the collateral to the creditor, or the debtor may provide the creditor with a lien securing the claim and a promise of future payments equal to the present value of the collateral. 11 U.S.C. §1325(a); see *Till v. SCS Credit Corp.*, 541 U.S. 465, 468 (2004) and *Pond v. Farm Specialist Realty*, 252 F3d 122 (2nd Cir. 2001). The third option is called the "cramdown" provision because it allows the Bankruptcy Court to modify the principal and interest rate on the debt against the secured creditor's wishes as to a non-principal residence or second home. See *Assoc. Commercial Corp. v. Rash*, 520 U.S. 953, 957 (1997) and *Pond v. Farm Specialist Realty*, 252 F3d 122 (2nd Cir. 2001). It must be noted that because the condominium is question is not the Debtor's principal residence, the "cramdown" provisions apply here. 11 U.S. C. §1322(b)(2). Thus, this Court can modify Bank of America's mortgage lien on the Florida condominium mortgage as part of the Debtor's Chapter 13 plan under the "cramdown" provisions.

The "cramdown" provision requires the debtor to provide a promise of future repayments

whose "value as of the effective date of the plan . . . is not less than the allowed amount of such claim." 11 U.S.C. §1325(a)(5). The "value" of the claim is governed by §506(a)(1), which allows the claim to be divided into secured and unsecured portions; the claim will only be "secured" up to the value of the collateral. 11 U.S.C. §506(1), 1325(a)(5). The United States Supreme Court considered several proposed methods of valuation under §506(a) in *Assoc. Commercial Corp. v. Rash,* 520 U.S. 953 (1997) and held that the replacement value is the appropriate standard. *Id.* at 956. The Court defined "replacement value" as "the cost the debtor would incur to obtain a like asset of the same proposed use," *Id.* at 965 in other words, the current fair market value.

The Bankruptcy Court, therefore, can modify Bank of America's secured claim against Debtor's Florida condominium under §§506(a) and 1325(a)(5) by voiding any claimed lien in excess of the replacement (or current fair market value) of the non-principal residential real estate. 11 U.S.C. §§506(a), 1325(a)(5). Under the *Rash* valuation method, the present value of the condominium is the cost the Debtor would incur to obtain a like condo for the same use which in this case is $131,000.

## CONCLUSION

11 U.S.C. §§506(a) and 1325(a)(5) allows Debtor to gain court approval of a Chapter 13 Plan over any objection of Bank of America, a secured, impaired Creditor of the estate, by providing the creditor with a lien to secure the claim and a promise of future repayments equal to the present value of the claim, $131,000 in equal monthly payments. This is what the First Amended Plan provides.

It is in compliance with the Supreme Court's ruling *Till,* 541 U.S. 465 and *Rash*, 520 U.S. 953, the 2nd Circuit's holding in *Pond* as well as 11 U.S.C. §§506(a), 1322(b)(2) and 1325(a)(5) .

RESPECTFULLY SUBMITTED,

DATED: December 14, 2009
       Hawthorne, New York

    /s/Arthur Morrison
**ARTHUR MORRISON**, Esq. (AM5678)
Attorney for Debtor
11 Skyline Drive
Hawthorne, NY 10532
(914) 592-8282
Fax (914) 592-3482