UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――
In the Matter of,                                 |   Chapter 13
                                                  |
    Irena Berger                              |
    aka Irina Tsukerman,                       |   Case No. 09-44402-ess
                                                  |
                                     Debtor. |
―――――――――――――――――――――――――――

―――――――――――――――――――――――――――

Memorandum of Law
of Creditor Bank of America
In Opposition to Debtor's Motion to Approve
"Cramdown/Stripdown" Of Secured Claim

―――――――――――――――――――――――――――

Rosicki, Rosicki & Associates, P.C.
*Attorneys for Bank of America*
51 East Bethpage Road
Plainview, New York 11803
Tel. (516) 741-2585

# **TABLE OF CONTENTS**

Table Of Authorities ................................................................................................................. i

PRELIMINARY STATEMENT ............................................................................................... 1

DISCUSSION ............................................................................................................................. 1

CONCLUSION .......................................................................................................................... 4

# **TABLE OF AUTHORITIES**

CASE LAW

Associates Commercial Corporation v. Rash, 520 U.S. 953 .................................................3

In re Kheng, 202 B.R. 538 (R.I. 1996) ................................................................................ 2-3

In re Legowski, 167 B.R. 711 (MA 1994)..............................................................................3

In re McGregor, 172 B.R. 718 (R.I. 1994) .............................................................................3

In re Murphy, 175 B.R. 134 (MA 1994).................................................................................3

In re Plourde, 402 B.R. 488 (N.H. 2009).......................................................................... 2-3

Pond v. Farm Specialist Realty, 252 F3d 122 (2nd Cir. 2001) ...............................................1

STATUTES

U.S. Bankruptcy Code

§ 1322(b)(2) ................................................................................................................2

§ 1322(b)(5) ................................................................................................................2

§ 1322(d) .....................................................................................................................1

## PRELIMINARY STATEMENT

Creditor Bank of America by its attorney Rosicki, Rosicki & Associates, P.C., respectfully submits the following in opposition to debtor's motion seeking to approve chapter 13 plan with "cramdown/stripdown" of its secured claim. Debtor's motion should be denied in its entirety because debtor seeks to impermissibly modify the rights of Bank of America and extend the term of the chapter thirteen plan beyond that allowed under the Bankruptcy Code.

## DISCUSSION

Debtor, in the instant motion, seeks to modify Bank of America's mortgage lien on her non-residential property located at 8397 38th Street Circle East Unit 107, Sarasota, Florida 34243 (the "subject premises"). However, the debtor's proposal to modify the lien is impermissible as doing so would extend the term of the chapter thirteen plan (the "plan") well beyond the allowed three to five years.

11 U.S.C. Section 1322(d) states:

> The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

It should be noted that Bank of America does not oppose the bifurcation of its claim into secured and unsecured portions. The valuation of the subject premises is not at issue. However, Bank of America does oppose how the debtor intends to treat the secured portion of its claim. More specifically the debtor has proposed to pay the secured portion of the claim over the remaining twenty six year term of the Note and Mortgage, thus extending the plan beyond three

1

to five years, at a reduced monthly principal and interest payment of $1,097.75. The monthly principal and interest payment as provided for in the Note is $1,611.21.

The debtor relies on the decision reached in Pond v. Farm Specialist Realty, 252 F3d 122 (2nd Cir. 2001) to support her position that a Bankruptcy Court may modify the principal and interest payments on a non-residential home. The issue before the Court in Pond was whether a wholly unsecured lien on the debtor's principal residence could be voided whereas the issue before this Court deals with a partially secured lien on the debtor's non-residential property. Furthermore, the Pond Court makes no reference to modifying the principal and interest payments on non-residential property as the debtor indicates.

The Debtor does have the right to modify Bank of America's claim pursuant to 11 U.S.C. Section 1322(b)(2), however, contrary to debtor's assertion the Bankruptcy Code does not permit a plan to both alter the principal and interest payments and provide that those payments can be made outside the plan.

11 U.S.C. Section 1322(b)(5) provides that a plan may:

> Notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

Pursuant to the terms of the Note and Mortgage the last payment is due August 1, 2036 which is long after the final payment under the plan is due. Furthermore, the phrase "maintenance of payments" has been determined to mean an absence of change in payments. If the monthly payments are changed then 11 U.S.C. Section 1322 requires that the payments be completed during the life of the plan. In re Plourde, 402 B.R. 488 (N.H. 2009); In re Kheng, 202

B.R. 538 (R.I. 1996); In re Murphy, 175 B.R. 134 (MA 1994); In re McGregor, 172 B.R. 718 (R.I. 1994); In re Legowski, 167 B.R. 711 (MA 1994).

The Plourde Court dealt with an almost identical set of facts as the one presented before this Court. The debtors in that case were attempting to bifurcate the creditor's claim on non-residential property and pay the secured portion of the loan over the remaining twenty-four year term at reduced principal and interest payments just as the debtor in the present case has proposed. The debtor in Plourde was not permitted to proceed this way because a change in monthly principal and interest payments on an allowed secured claim triggers 11 U.S.C. 1322(d) which requires that the full amount of the secured claim be paid over the life of the plan. See Plourde at 491 (citing, In re McGregor, 172 B.R. at 721; In re Kheng 202 B.R. at 539).

The debtor in this case has chosen to modify the principal and interest payments owed to Bank of America. Thus, the debtor must pay the entire secured claim in full during the plan.

The debtor also relies on a decision reached by the United States Supreme Court in Associates Commercial Corporation v. Rash, 520 U.S. 953. Even though the collateral in that case was a tractor truck it should be noted that the Court came to a conclusion which actually rebuts the argument made by the Debtor. If the debtor opts to utilize the "cram down" provision under 11 U.S.C. Section 1325(a)(5)(B) then the debtor is required to provide the creditor with payments, over the life of the plan, that will total the present value of the allowed secured claim, i.e., the present value of the collateral. See Associates Commercial Corporation at 1883.

The "cram down" provision has been invoked in this case therefore the debtor must pay the entire present value of the secured claim during the life of the plan.

3

Conclusion

The foregoing demonstrates that if a debtor seeks to bifurcate a lien on non-residential property then the secured portion must be paid in full through the chapter thirteen plan. A debtor is not permitted to extend the plan beyond the allowable three to five years as provided in the Bankruptcy Code.

WHEREFORE, it is respectfully requested that Debtor's motion be denied in its entirety, as well as any such other and further relief as this Court deems just and proper.

Dated: January 29, 2010
Plainview, New York

Respectfully Submitted,

_____
ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Richard Postiglione
Attorneys for Bank of America
51 E. Bethpage Road
Plainview, NY 11803
516-741-2585

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In the Matter of,                               | Chapter 13
                                                |
    Irena Berger                             |
    aka Irina Tsukerman,                     | Case No. 09-44402-ess
                                                |
                                       Debtor. |


Memorandum of Law
of Creditor Bank of America
In Opposition to Debtor's Motion to Approve
"Cramdown/Stripdown" Of Secured Claim


Rosicki, Rosicki & Associates, P.C.
*Attorneys for Bank of America*
51 East Bethpage Road
Plainview, New York 11803
Tel. (516) 741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
IN RE:

Irena Berger aka Irina Tsukerman,                CASE NO.: 09-44402-ess

                DEBTOR.                Chapter: 13

-------------------------------------------------X    JUDGE: Elizabeth S. Stong

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NASSAU   )

       Richard Postiglione, being duly sworn, deposes and says:

       I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

       On January 29 2010, I served the within Memorandum of Law in Opposition on the following parties, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Irena Berger
601 Brightwater Court, Apt 5J
Brooklyn, NY 11235

Arthur Morrison, Esq.
11 Skyline Drive
Hawthorne, NY 10532

Richard D. Lamborn, Esq.
327 East 149th Street
Bronx, NY 10451

Marianne DeRosa, Esq.
100 Jericho Quadrangle, Suite 208
Jericho, NY 11753

United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201

                                            _____
                                            Richard Postiglione

Sworn to before me this
29th day of January, 2010

_____
NOTARY PUBLIC

CATHERINE JONES
Notary Public - State of New York
No. 01JO6143668
Qualified In Nassau County
My Commission Expires April 17, 20_10_

# ROSICKI, ROSICKI & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
### Office: 51 East Bethpage Road
### Plainview, New York 11803
### Telephone (516) 741-2585
### Facsimile (516) 873-7243

January 29, 2010

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East,
Brooklyn, NY 11201

Re:   Irena Berger aka Irina Tsukerman
      Case No. 09-44402-ess

Dear Sir/Madam:

Enclosed please find a Chamber's Copy of a Memorandum of Law in Opposition to the Debtor's Motion to Approve a "Cramdown/Stripdown" of A Secured Claim.

Should you have any questions please feel free to contact the undersigned.

Very Truly Yours,
ROSICKI, ROSICKI & ASSOCIATES, PC

_____
Richard Postiglione, Esq.