UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:

                               CHAPTER 13

**IRENA BERGER aka**
**IRINA TSUKERMAN**

                               Case No. 09-44402

                   Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## THIRD AMENDED CHAPTER 13 PLAN

      1.      The future earnings of the Debtor are submitted to the supervision and control of the trustee and the debtor shall pay to the trustee for a total period of 60 months, the sum of:

      (a) $1,200 commencing June 2009 through August 2010;

      (b) $500 a month commencing September 2010 through May 2014.

      2.      From the payments so received, the trustee shall make disbursements as follows:

      (a) Full payment to holders of allowed secured claims.  Such claimants shall retain the liens securing such claims and shall be paid as follows:

            (i)  Bank of America, as holder of note and mortgage on 8397 38th Street Circle East, Unit 107, Sarasota, FL:      Pre-petition mortgage arrears in the amount of $14,808.44.  All post-petition payments, commencing January 1, 2011, shall be paid outside of plan.

            (ii)  Chase Manhattan Mortgage, as holder of note and mortgage on Apt. 1I, located at 601 Brightwater Court, Brooklyn, New York, under loan number 4651323101617:  No pre-petition mortgage arrears.  All post-petition payments shall be paid outside of plan.

            (iii)  Condo association fees due to Serenata Sarasota Condominium

Association for the apartment known as 8397 38th Street Circle East, Unit 107, Sarasota, FL:  No pre-petition arrears.  All post-petition payments to be made outside of the plan.

(iv) Maintenance fees due to 601 Tenants Corp. for the property known as Apt. 1I, located at 601 Brightwater Court, Brooklyn, New York: No pre-petition arrears.  All post-petition payments to be made outside of plan.

(b) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507(a)(1) and (a)(8), including the Chapter 13 Trustee's commissions, legal fees to Debtor's counsel, if any, and any claims of the state and federal taxing authorities.

(c) Subsequent to distribution to the Chapter 13 Trustee and other priority creditors, dividends to unsecured creditors whose claims are duly allowed as follows:  Pro rata distribution to all timely filed proofs of claim.

3. The following executory contracts of the debtor are rejected:

**None.**

4. Title to the debtor's property, EXCEPT REAL PROPERTY, shall revest in the debtor on confirmation of a plan or until further order of this court.

5. Throughout the term of this plan, debtor agrees that debtor will not incur post-petition debt over $1,500.00 without first notifying the Chapter 13 trustee in writing.

6. Debtors shall provide the trustee with copies of their tax returns, and will remit their tax refunds to the trustee, until all plan payments are completed.

Dated: Dec. 16, 2010                                                         *S/Irena Berger*

/s/ Arthur Morrison
Arthur Morrison, Esq.
11 Skyline Drive
Hawthorne, New York 10532
Tel. (914) 592-8282